WILMOT W. LOWELL *versus* BENJAMIN M. FLINT.

In an action to recover a fine for neglect in the performance of militia duty in a company of light infantry raised at large by enlistment, whether the soldier was enlisted is a question of fact to be decided by the magistrate.

The commission of the captain of a light infantry company raised at large by enlistment, is sufficient evidence of the organization of such company.

Where a private of a company is duly warned to appear at a company training for the choice of an ensign, such private cannot excuse his neglect by proof, that no legal vacancy in that office had occurred.

Where the testimony offered to prove a fact is not free from contradiction and doubt, it is the duty of the magistrate to decide upon it, and to give such weight to the testimony of each witness, and to the circumstances tending to corroborate or to invalidate it, as he judges to be justly due to it. And if it does not appear, that he violated any rule of law, or that he decided without any testimony to authorize the conclusion to which he came, this Court will not revise and reverse his decision.

It is not necessary to insert in, or annex to, the order to warn the company a list of the men to be warned. An order to the clerk, who keeps the records, to warn all the non-commissioned officers and privates enrolled in the company, is sufficient.

The legal presumption is, that persons acting in an official capacity in the militia are properly authorized, and that their official signatures are genuine.

If during the trial of an action for neglect in the performance of militia duty, one party calls upon the other to produce papers proved to be in his possession, and a reasonable time is offered to produce them, and they are not produced, parol evidence of their contents may be admitted by the magistrate. Rule 35 of this Court does not bind a magistrate to its observance.

If the commanding officer of a light infantry company raised by enlistment, signs a notice of the enlistment of a private therein to the commanding officer of the local company in which the private resides, and it is proved that this notice has been delivered, there is no necessity for a written military order.

THIS was a writ of error to reverse a judgment rendered April 27, 1840, by B. Bradbury, a justice of the peace, in an action wherein Flint, as clerk of a company of light infantry, commanded by P. H. Glover, sought to recover of Lowell, as a private enlisted in that company, a fine for neglecting to appear at a company meeting for the choice of an ensign, on March 10, 1840. Eight causes of error were assigned, which are stated in the opinion of the Court.

The plaintiff produced and read in evidence the commission of the captain of said company. This was objected to until an order from the proper authority to form the company of light infantry, or a charter, was produced. It was admitted. Papers were then offered to show the proceedings of the Governor and Council in relation to forming the company. These were objected to, but admitted. With respect to the alleged notice to the commanding officer of the standing company to which Lowell belonged, of his enlistment in the light infantry company, Flint testified as follows. "I presume I gave notice to the commanding officer of the standing company in which said Lowell was enrolled, of his enlistment in the B company of infantry. I never gave any notice except in writing. I cannot swear that I gave the notice in writing as I kept no record of the time of the notice. I have no doubt I gave the notice in writing within five days after the enlistment of said Lowell, but cannot swear positively." The plaintiff called upon Lowell to produce a sergeant's warrant he now holds, and the roll of the standing company in which he was formerly enrolled. The call was made during the trial. These papers were proved to be in his possession, and reasonable time was offered to him to produce them, but he refused. Parol evidence of their contents was then permitted by the justice, and the captain of the standing company testified, that he had seen the roll, and that he had erased Lowell's name from the roll, and made a minute upon it thus — "joined the light infantry." At the time of the warning, and of the alleged neglect of duty, Lowell had been appointed clerk of one of the standing companies. The substance of the testimony on several of the points, is given in the opinion of the Court.

*Bridges*, for the plaintiff in error, argued in support of the several causes of error assigned. In his argument he cited as pertinent to objection, 1, *Commonwealth* v. *Hall*, 3 Pick. 262. To the 4th, Militia St. 1834, c. 121, § 19; *Sawtell* v. *Davis*, 5 Greenl. 438; *Ellis* v. *Grant*, 15 Maine R. 191; *Abbott* v. *Crawford*, 6 Greenl. 214.

Lowell *v.* Flint.

*J. Granger* argued for the original plaintiff, contending that all the points decided by the justice were rightly decided, and cited *Homer* v. *Brainerd*, 15 Maine R. 54 ; *Morrison* v. *Witham*, 1 Fairf. 421 ; *Dean* v. *Gridley*, 10 Wend. 254.

The opinion of the Court was by

SHEPLEY J. — The first error assigned is, that there was no satisfactory proof, that the plaintiff in error enlisted into the company of light infantry. This was a fact to be decided by the magistrate, and his record states, that " Lowell's enlistment was proved."

The second is, that there was no evidence, that the company was legally organized. The commission of the captain was produced. And it is provided by Statute c. 121, § 21, that " the commission of the captain or commanding officer of any company shall in all cases be deemed sufficient evidence of the organization of such company." Whether the other documents introduced for that purpose were duly authenticated was immaterial.

The third is, that there was no evidence of a vacancy in the office of ensign, which the company was called together to fill. The commanding officer of the company is presumed to be in the proper discharge of his duties. It is not for the soldier to refuse obedience because his commander does not exhibit to him the orders of his superior. He must obey the command, and if it have been illegally or oppressively issued, he may have the officer tried and punished.

The fourth is, that the commanding officer of this company did not give notice in writing of the enlistment to the commanding officer of the standing company within five days. The record shews, that the testimony upon that point was not free from contradiction and doubt. It was the duty of the magistrate to decide upon it, and to give such weight to the testimony of each witness and to the circumstances tending to corroborate or to invalidate it as he judged to be justly due to it. In deciding upon the testimony it does not appear, that he violated any rule of law. Nor that he decid-

ed without any testimony to authorize the conclusion, to which he came. This Court is not therefore authorized to revise and reverse his decision upon the fact.

The fifth is, that there was no list of the members of the company annexed to the order to warn them. The statute does not require any list to be inserted in, or annexed to, the order. It is sufficient, that the persons to be warned are made certain; and that may be done by inserting their names in the order or by a reference to another document.

The order in this case directed the clerk, who keeps the record of the company, to warn all the non-commissioned officers and privates enrolled in said company. This reference to the enrolment determined who were to be warned.

The sixth is, that there was no proof of the signature of Balkham, or that he was authorized to act as commander of the regiment. The legal presumption as before stated is, that persons acting in an official capacity are properly authorized, and that their official signatures are genuine. Fraud or crime is not to be presumed.

The seventh is, that parol evidence of what appeared upon the roll was admitted without proof, that it was in the possession of the plaintiff in error and without notice to produce it.

It appears from the record that there was proof, that it was in his possession, and that he was called upon during the trial to produce it, that a reasonable time was allowed him to produce it, and that he refused. The object of the notice is to afford the party an opportunity to produce the original, that he may not be injured by secondary evidence. It must appear, that he had reasonable notice. And what notice would be reasonable must depend upon the circumstances attending each case. Usually a notice given during the trial could not be regarded as reasonable. There may be exceptions, as where the paper is present in Court, or within such short distance, that the Court for the purposes of justice, thinks proper to allow the party full time to obtain it without inconvenience. And such appears to have been this case; for the record states, that the party had a reasonable time to produce it and refused.

That statement must be received as correct and the secondary evidence as properly admitted.   This Court, in *Emerson* v. *Fiske*, 6 Greenl. 206, determined to adhere strictly to its thirty-fifth rule, but that did not bind the magistrate.

The eighth is, that there was no order authorizing any person to give notice of the enlistment.

If the commanding officer sign the notice and direct it to be delivered by another and it be delivered, there is no necessity for a written military order.   It may be delivered, by an agent, by whom the delivery can be proved.   If the act be an official one, it is not of a military character.

*Judgment affirmed with costs.*